**KOLLER LAW LLC**
David M. Koller, Esquire (90119)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHELLE WRIGHT,** | : | |
| **5927 Cedar Avenue** | : | **Civil Action No.** |
| **Philadelphia, PA 19143** | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | **COMPLAINT AND JURY** |
| **UNIVERSITY OF PENNSYLVANIA** | : | **DEMAND** |
| **HEALTH SYSTEM d/b/a UNIVERSITY OF** | : | |
| **PENNSYLVANIA HOSPITAL,** | : | |
| **3400 Spruce Street** | : | |
| **Philadelphia, PA 19104** | : | |
| **Defendant.** | : | |
| | : | |

## CIVIL ACTION

Plaintiff Michelle Wright, by and through her attorney, brings this civil matter against Defendant University of Pennsylvania Health System d/b/a University of Pennsylvania Hospital alleging she was subject to unlawful violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"), and avers and alleges as follows:

## THE PARTIES

1. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

2. Plaintiff is African American and resides at the above captioned address.

1

3. Defendant University of Pennsylvania Health System d/b/a University of Pennsylvania Hospital (hereinafter "Defendant") is a medical center with a location and corporate headquarters at 3400 Spruce Street, Philadelphia, PA 19104.

4. At all times hereto, Defendant employed managers, supervisors, agents and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decision, these individuals engaged in the practice of treatment which forms the basis of Plaintiff allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents and employees who acted directly or indirectly in the interest of the employer. In so acting these individuals engaged in the pattern and practice of treatment which forms the basis of the Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein

pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

12. Plaintiff exhausted his administrative remedies under Title VII. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

13. On June 26, 2020, Plaintiff filed a timely written Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging race and retaliation against Defendant.

14. The Charge was assigned a Charge Number of 530-2020-04476 and was duly filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and the Notices is dated November 4, 2017.  Plaintiff received the notices by mail.

16. Plaintiff files the instant Complaint within ninety (90) days of her receipt of the Notice of Right to Sue letter relative the Charge.

17. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## FACTUAL SUMMARY

19. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

20. On February 1, 2016, Defendant hired Plaintiff in the position of Certified Nursing Assistant ("CNA").

21. Plaintiff was well qualified for her position and performed well.

22. In or around early 2018, Jenna Chrisanthon (Caucasian), Assistant Nurse Manager, became the supervisor of Plaintiff's floor.

23. Plaintiff immediately noticed that Ms. Chrisanthon scheduled Caucasian CNAs overtime hours over African American CNAs.

24. Plaintiff did not initially complain about this because she feared retaliation and she needed her job.

25. In or around November 2019, Monyola LNU (Caucasian), Registered Nurse ("RN"), and Enrique LNU (Asian), RN, began to harass Plaintiff.

26. Monyola and Enrique nitpicked Plaintiff work product and constantly watched her while she performed her duties and took her breaks.

27. However, Monyola and Enrique did not do this to Caucasian CNAs.

28. In December 2019, Plaintiff complained via email to Ms. Chrisanthon about Monyola and Enrique's conduct.

29. However, Ms. Chrisanthon did not properly address Plaintiff's complaint.

30. The following week, Plaintiff complained to Lydia LNU (Caucasian), Human Resource Representative, about Monyola's and Enrique's harassment and Ms. Chrisanthon's failure to

address it.

31. Plaintiff stated that she believed that the harassment was due to her race and requested to be transferred to a different floor.

32. Lydia stated to Plaintiff that it was a possibility, but that she could not do it at this time because there were no openings.

33. She also informed Plaintiff that she would provide Plaintiff with updates regarding any available openings on different floors.

34. However, Lydia never contacted Plaintiff about any availabilities.

35. In December 2019, Julie LNU (Caucasian), RN, took a picture of the two of us with Ryan LNU's (Caucasian), RN, phone.

36. Plaintiff did not realize Julie used Ryan's phone when she took the picture.

37. Ryan was upset about the picture and wrote an email about how he found Plaintiff sleeping on shift.

38. Plaintiff never slept at Defendant.

39. A couple of weeks later in January 2019, Ryan apologized to Plaintiff about his email alleging that she slept at Defendant.

40. Plaintiff was never issued a discipline for Ryan's false allegation.

41. In addition, Ryan was not disciplined for making this knowingly false allegation about Plaintiff.

42. On February 27, 2020, Ms. Chrisanthon approached Plaintiff as she was leaving Defendant after completing her shift and warned her not to fall asleep.

43. Plaintiff was confused by Ms. Chrisanthon's warning, as she had never fallen asleep at work at Defendant.

5

44. On March 5, 2020, Ms. Chrisanthon notified Plaintiff that she was accused of sleeping on the job at Defendant.

45. Plaintiff denied these accusations.

46. Ms. Chrisanthon then informed Plaintiff that she would speak with Human Resources and contact her again.

47. On March 8, 2020, Ms. Chrisanthon informed Plaintiff that she had to meet with her and Human Resources on March 11, 2020.

48. On March 11, 2020, Plaintiff met with Ms. Chrisanthon and Glenn LNU (Caucasian), Human Resource Manager.

49. They proceeded to terminate Plaintiff for allegedly sleeping during her shift on October 11, 2019.

50. Plaintiff asked Ms. Chrisanthon why she was terminating her over Ryan's email, since Ryan had admitted that his allegations in the email were not accurate.

51. Ms. Chrisanthon responded that it was because "[I] can."

52. Plaintiff never fell asleep at Defendant.

53. Upon information and belief, Caucasian CNAs fell asleep at Defendant were not terminated for it, including, but not limited to, Eva LNU who fell asleep on September 2, 2018.

54. It is Plaintiff's position that she was discriminated against due to her race and retaliated against for reporting the aforementioned discrimination in violation of Title VII.

### COUNT I – RACE DISCRIMINATION
### <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

55. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

56. Plaintiff is a member of protected classes in that she is African American.

57. Plaintiff was qualified to perform the job for which she was hired.

58. Plaintiff suffered adverse job actions, including, but not limited to termination.

59. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

60. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

61. Defendants discriminated against Plaintiff on the basis of race.

62. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

63. The reasons cited by Defendants for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RACE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

64. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

65. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of her race (African American).

66. As a result of Defendants' unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

67. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

68. Plaintiff engaged in activity protected by Title VII.

69. Plaintiff complained of discrimination internally by reporting the discrimination to her supervisor and Human Resources.

70. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

71. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – RETALIATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

72. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

73. Plaintiff engaged in activity protected by the PHRA when she complained of discrimination internally by reporting the same to her supervisor and Human Resources.

74. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

75. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Michelle Wright, requests that the Court grant her the following relief against Defendant:

(a)     Damages for past and future monetary losses as a result of Defendant unlawful discrimination;

(b)     Compensatory damages;

(c)     Punitive damages;

(d)     Liquidated damages;

(e)     Emotional pain and suffering;

(f)     Reasonable attorneys' fees;

(g)     Recoverable costs;

(h)     Pre and post judgment interest;

(i)     An allowance to compensate for negative tax consequences;

(j)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of TITLE VII and the PHRA.

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

**KOLLER LAW LLC**

Date: February 5, 2021          By:     ***/s/ David M. Koller***
David M. Koller, Esquire (90119)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215)-545-8917
F: (215)-575-0826
davidk@kollerlawfirm.com

*Counsel for Plaintiff*

10